UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ARDELL LEVERT JENKINS,                          Case No. 18-CV-0208 (ADM/DTS)

               Plaintiff,

v.

FARGO POLICE DEPARTMENT; UNKNOWN
FEMALE OFFICER; and UNKNOWN MALE
OFFICERS,

               Defendants.

ARDELL LEVERT JENKINS,                          Case No. 18-CV-0209 (ADM/DTS)

               Plaintiff,

v.

CHANDA JACKSON and JENNIFER KIM PAGE,

               Defendants.

ARDELL LEVERT JENKINS,                          Case No. 18-CV-0210 (ADM/DTS)

               Plaintiff,

v.

DETECTIVE GRESS,

               Defendant.

ARDELL LEVERT JENKINS,                          Case No. 18-CV-0212 (ADM/DTS)

               Plaintiff,

v.

JUDGE HERMAN DOUGLAS,

               Defendant.

ARDELL LEVERT JENKINS,                           Case No. 18-CV-0213 (ADM/DTS)

                      Plaintiff,

v.

JUDGE BAILEY,

                      Defendant.

ARDELL LEVERT JENKINS,                           Case No. 18-CV-0214 (ADM/DTS)

                      Plaintiff,

v.

J. HANSON; J. SHICK; K. KRAFT; B. BOWDEN; E.
CEDIO; J. PHILLIPS; KITCHEN STAFF; JAKE
MURRAY; M. KASPRICK; and CAWEN,

                      Defendants.

ARDELL L. JENKINS,                               Case No. 18-CV-0215 (ADM/DTS)

                      Plaintiff,

v.

JUSTIN ROBERTS and CLAY COUNTY SHERIFF
DEPARTMENT,

                      Defendants.

ARDELL LEVERT JENKINS,

              Plaintiff,

v.

GERALD GREENBERRY,

              Defendant.

Case No. 18-CV-0216 (ADM/DTS)

**REPORT AND RECOMMENDATION**

---

In an order dated February 8, 2018, this Court ordered plaintiff Ardell Levert Jenkins to submit sufficient financial information from which his initial partial filing fee could be calculated for each of these actions. Jenkins was given 20 days from the date of that order in which to submit the financial information or pay the complete filing fee for each action, failing which it would be recommended that these lawsuits be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). When that deadline passed, this Court recommended dismissal of the action for failure to prosecute.

Shortly after that recommendation was entered, Jenkins submitted a supplement to his application to proceed *in forma pauperis* ("IFP") containing the necessary financial information. This Court vacated the recommendation and calculated Jenkins's initial partial filing fee to be $4.00 in each of the nine lawsuits he had commenced. Those initial partial filing fees were due by no later than April 30, 2018, again failing which it would be recommended that these matters be dismissed without prejudice for failure to prosecute.

That deadline has now passed, and Jenkins has not submitted the mandatory initial partial filing fees in eight of the nine cases that he commenced.[1]  In fact, Jenkins has not communicated with the Court about these eight cases at all since this Court's order establishing the initial partial filing fees.  Accordingly, this Court now recommends, in accordance with its prior order, that these actions be dismissed without prejudice under Rule 41(b) for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT these actions be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: May 23, 2018

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

---

[1]Jenkins did submit an initial partial filing fee in the ninth case.  *See Jenkins v. Minnesota Police Officers*, No. 18-CV-0211 (ADM/DTS).  That matter is not now recommended for dismissal and will instead proceed to screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

**<u>NOTICE</u>**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).